CHARLES D. SWIFT (D.C. ID No. 987353)
    cswift@clcma.org
CHRISTINA JUMP (D.C. ID No. TX151)
    cjump@clcma.org
Constitutional Law Center for Muslims in America (CLCMA)
833 E. Arapaho Rd., Ste. 102
Richardson, TX 75081
Tel: (972) 914-2507; Fax: (972) 692-7454

*Attorneys for Plaintiff/Petitioner*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE MUHAMMAD HAMADEH**, an individual whose address is 6447 Shady Lane, Burr Ridge, IL, 60527<br><br>*Plaintiff/Petitioner,*<br><br>vs.<br><br>**KEVIN MCALEENAN**, in his official capacity as Acting Secretary of the Department of Homeland Security, whose official address is Washington, D.C. 20528<br><br>*Defendant/Respondent.* | CASE NO.: 1:19-cv-1451<br><br><br><br>CIVIL ACTION<br><br><br>**COMPLAINT SEEKING DECLARATORY RELIEF AND PETITION FOR WRIT OF MANDAMUS** |

### COMPLAINT SEEKING DECLARATORY RELIEF AND PETITION FOR WRIT OF MANDAMUS

Plaintiff, Muhammad Hamadeh, by and through undersigned counsel, files this Complaint Seeking Declaratory Relief and Petition for Writ of Mandamus against Defendant, Kevin McAleenan, in his official capacity as Acting Secretary of the Department of Homeland Security ("DHS"), and in support thereof shows the following:

## I.   JURISDICTION AND VENUE

1. This Court has jurisdiction under the authority of 28 U.S.C. § 1361 (action in the nature of mandamus). Jurisdiction is also conferred pursuant to 5 U.S.C. § 555(b) and § 702 (Administrative Procedure Act), by way of the relief sought under 28 U.S.C. § 2201 – 2202 (Declaratory Judgment Act), which enables parties to bring lawsuits in federal court to obtain declaratory relief not otherwise available.

2. Venue is appropriate in this Court under 42 U.S.C. § 2000e-(5)(f)(3), because it is where DHS has its principal office.

## II.   STATEMENT OF FACTS

3. Plaintiff is a U.S. citizen with no criminal history or mental health concerns, who frequently endures severe difficulties in airport travel, including but not limited to being held at the ticketing counter for extended periods of time before being issued a boarding pass, having SSSS printed on his boarding passes, receiving disparate treatment when traveling, and undergoing extensive security screening measures, which result in either missing or coming close to missing his flights.

4. Plaintiff's experiences while traveling are consistent with those of persons on "the Watch List," which is contained within the Terrorist Screening Database.

5. On or around August 24, 2018, Plaintiff initiated a redress inquiry through the DHS Traveler Redress Inquiry Program ("DHS TRIP") to acquire information as to why he receives scrutinized treatment when traveling, and a way to appeal this treatment. His DHS TRIP reference number is 2277007. This redress process represents his only avenue by which to challenge this placement and the resulting infringement on his constitutionally protected rights and liberties.

6. On November 15, 2018, the undersigned counsel for Plaintiff notified DHS TRIP that Plaintiff retained them. Plaintiff's counsel sent a DHS form 590 evidencing their representation, and sent copies of Plaintiff's U.S. passport, his Global Entry Card, and a signed Privacy Act

acknowledgment. This correspondence stated that the attorneys "trust that this provides you [DHS TRIP] with all that is needed to process his [Plaintiff's] application at this time."

7. On January 7, 2019, Plaintiff's counsel wrote DHS TRIP again and stated, in part

> Under DHS guidelines, Dr. Hamadeh is entitled to timely adjudication by the Agency, and should have received an initial response letter either in the form of a 'Determination of No Security Threat' or an 'Initial Determination of Threat Assessment' after his initial inquiry was received. DHS has had sufficient time to respond. We request adjudication on his behalf, or we will file a mandamus action to obtain proper adjudication.

8. In the January 7, 2019 correspondence, Plaintiff's counsel also noted that Plaintiff's DHS TRIP online status check still shows as "Pending Paperwork," despite Plaintiff's counsel forwarding Plaintiff's U.S. passport, his Global Entry card, and an executed Privacy Act Acknowledgment.

9. On March 26, 2019, which was over four months after Plaintiff's counsel notified DHS TRIP that Plaintiff retained them for representation in this matter, DHS TRIP sent Plaintiff's counsel confirmation that the Agency received Plaintiff's DHS TRIP application. This correspondence contained no substantive information relating to Plaintiff's DHS TRIP inquiry.

10. Neither Plaintiff nor his counsel have received a substantive response to Plaintiff's TRIP inquiry, which is owed to Plaintiff under the applicable regulations.

11. DHS's own website states that once DHS TRIP inquiries are received, applicants will receive a determination letter in response.

12. Neither Plaintiff nor his counsel have received a substantive response to Plaintiff's January 7, 2019 letter, notifying DHS of Plaintiff's intent to file suit if the Agency continues to delay adjudicating Plaintiff's matter. Plaintiff's counsel only received the March 26, 2019 correspondence acknowledging receipt of Plaintiff's application. This March 26, 2019 acknowledgment was a response to counsel for Plaintiff's November 15, 2018 correspondence and not counsel's January 7, 2019 correspondence.

13. On April 10, 2019, Plaintiff's counsel made a final attempt to confer by contacting DHS TRIP in

an effort to avoid litigation, and sent an earlier draft of this Complaint and Petition for Writ of Mandamus with the relevant procedural history as of that date. This correspondence notified DHS TRIP of Plaintiff's intent to file suit if no Initial Determination is received by May 10, 2019 (a month after the date of that correspondence).

14. Plaintiff's aforementioned and multiple attempts to confer with Defendant in an effort to avoid litigation to resolve this issue have been unsuccessful.

15. Plaintiff is entitled to timely adjudication by Defendant.

16. This inaction mimics the Agency's old procedures, deemed unconstitutional and declared invalid by courts, where individuals were not informed whether they were on No Fly or Selectee lists or not and, similarly, were not told the reasons supporting any such placement.[1]

17. This lack of action by DHS leaves Plaintiff with no constitutionally adequate way to challenge the infringement on his constitutional right to travel freely and without undue burden or substantial delay.

18. This sustained delay continues to directly result in great personal harm to Plaintiff, not only on his constitutional right to travel freely but also as to his rights of due process.

19. As of this date, the DHS TRIP online status check still shows Plaintiff's redress inquiry as having a status of "pending paperwork".

20. As of this date, nearly nine months have passed since the initial filing of Plaintiff's TRIP inquiry.

21. As of this date, six months have passed since Plaintiff's counsel notified DHS TRIP of their representation.

---

[1] *See Mohamed v. Holder*, No. 1:11-CV-50 AJT/MSN, 2015 WL 4394958, at *2 (E.D. Va. July 16, 2015) ("Briefly summarized, the Court first concludes that DHS TRIP, as that process existed at the time that Mohamed was denied boarding, did not provide a constitutionally adequate opportunity to challenge his denial of boarding."); *see also Latif v. Holder*, 28 F. Supp. 3d 1134, 1161 (D. Or. 2014) ("The absence of any meaningful procedures to afford Plaintiffs the opportunity to contest their placement on the No-Fly List violates Plaintiffs' rights to procedural due process.").

22. As of this date, nearly two months have passed since DHS merely confirmed receipt of Plaintiff's TRIP application. Nonetheless, no substantive response to Plaintiff's DHS TRIP inquiry has been received by Plaintiff or Plaintiff's counsel.

### III. CAUSES OF ACTION

**a. Count One: Petition for Writ of Mandamus to Compel Defendant to Issue an Initial Determination as to Plaintiff's DHS TRIP Inquiry**

23. Plaintiff hereby alleges and incorporates by reference all numbered paragraphs above.

24. Plaintiff's claim is clear and certain; the right to travel is a recognized fundamental right and liberty interest.

25. Defendant's official duty to act is ministerial, as DHS acts as the liaison between those similarly situated to Plaintiff and government agencies involved in traveler redress proceedings.

26. No other adequate remedy is available, as the DHS TRIP process is the only process currently available for Plaintiff and those similarly situated to him to challenge any designations relating to their difficulties traveling, including any placement on a Government Watch List or other subset of the Terrorist Screening Database.

27. While "[t]he remedy of mandamus "is a drastic one, to be invoked only in extraordinary circumstances",[2] mandamus is properly available if: "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff."[3] Plaintiff satisfies all three criteria, and the request for a writ of mandamus is appropriate.

---

[2] *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980).

[3] *Northern States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 758 (D.C. Cir. 1997) (quoting *Council of and for the Blind of Delaware Cty. Valley, Inc. v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc)).

b. **<u>Count Two: Violation of the Administrative Procedure Act by Defendant, Due to Unreasonably Delayed Agency Action</u>**

28. Plaintiff hereby alleges and incorporates by reference all numbered paragraphs above.

29. Plaintiff is a person aggrieved by agency action under the Administrative Procedure Act (APA), 5 U.S.C. §701, 706 et seq.

30. Under 5 U.S.C. § 706(1), reviewing courts shall "compel agency action unlawfully withheld or unreasonably delayed."

31. It has been nearly nine months since Plaintiff first initiated his DHS TRIP inquiry.

32. Six months have passed since DHS was notified by Plaintiff's counsel that Plaintiff was represented in relation to his DHS TRIP inquiry.

33. Neither Plaintiff nor his counsel have received any substantive information in relation to Plaintiff's DHS TRIP inquiry.

34. Agency action in this matter is unreasonably delayed, as DHS has had more than enough time to issue its Initial Determination in relation to Plaintiff's TRIP complaint.

35. Defendant's actions are in violation of the requirements of the APA, as the Agency continues to unreasonably delay adjudication of Plaintiff's DHS TRIP inquiry, as well as unreasonably withhold information to which Plaintiff is entitled.

36. As this sustained delay continues to directly result in great personal harm to Plaintiff, Plaintiff seeks a declaration that Defendant's delays are unreasonable and accordingly, unlawful, in violation of the requirements under the APA, and that Defendant must supply Plaintiff an Initial Determination letter.

## IV. **PRAYER FOR RELIEF**

Plaintiff prays for judgment of liability against Defendant, and respectfully requests that this Court grant the following relief:

1) Grant this Petition for Writ of Mandamus and compel Defendant to provide an Initial Determination regarding Plaintiff's DHS TRIP inquiry;

2) Declare Agency's unreasonable delays in adjudicating Plaintiff's TRIP complaint as unlawful, and compel the Agency to act in a timely manner with Plaintiff's DHS TRIP redress inquiry in accordance with its own stated regulations moving forward;

3) Compel Defendant to conduct further administrative review regarding Plaintiff;

4) Award Plaintiff attorneys' fees and costs as provided by any applicable provision of the law, against Defendant;

5) Any additional relief this Court deems just, proper, and equitable.

Respectfully submitted this 17th day of May, 2019.

*/s/ Charles D. Swift*
*/s/ Christina A. Jump*
Charles D. Swift
Counsel for Plaintiff
D.C. ID No. 987353
Christina A. Jump
D.C. ID No. TX151
833 E. Arapaho Rd., Suite 102
Richardson, TX 75081
Tel: (972) 914-2507
Fax: (972) 692-7454
cswift@clcma.org
cjump@clcma.org
*Counsel for Plaintiff*